**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | | |
|---|---|---|
| **JORGE LUIS GONZALEZ,** | ) | **Civ. No. 07-00444 ACK-BMK** |
| **Petitioner,** | ) | **Cr. No. 98-00552 ACK 01** |
| **vs.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**ORDER DIRECTING BRIEFING ON ISSUE OF WHETHER PETITIONER'S 28 U.S.C. § 2255 PETITION WAS TIMELY FILED**

On or around August 10, 2007 Petitioner Jorge Luis Gonzalez filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner Gonzalez pled guilty to Using a Communication Facility to Commit a Felony Under the Controlled Substance Act, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. Gonzalez was sentenced to 144 months in prison on May 21, 2001. Judgment was entered as to Gonzalez on May 30, 2001.

Gonzalez submitted an affidavit dated August 10, 2007, in which he argued that the one-year statute of limitations should not bar his petition: (1) because he has been transferred several times and had limited access to a law library; (2) because his difficulty with English as his second language; (3) because of his lack of knowledge about the law; and (4) because

his attorney did not advise him that there is a one-year statute of limitations to seek relief under 28 U.S.C. § 2255. See Gonzalez Aff. of Aug. 10, 2007.

**I. Statute of Limitations**

A motion to vacate a sentence under 28 U.S.C. § 2255, such as the instant motion, has a one year period of limitation. See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."). The one year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

With the current record, the Court is unable to determine whether and when the limitations period expired in this case. It is possible that Petitioner's allegation of multiple transfers and inadequate law library resources could constitute a government-created impediment under subsection (2) of § 2255. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.

2000)(reversing and remanding for factual development the district court's holding that a state prisoner's allegations of the unavailability of Antiterrorism and Effective Death Penalty Act "AEDPA" in the prison law library could not constitute an impediment under 28 U.S.C. § 2244(d)(1)(B)). If the record subsequently shows that the multiple transfers or inadequate law library access constituted a government-created impediment, then the statute of limitations would start running once the impediment had been removed.

If the record shows that there was no government-created impediment, then subsection (1) of § 2255 applies, and the limitations period ran from the date the judgment of conviction became final. Gonzalez does not allege that the Supreme Court has newly recognized a right, or that the facts supporting the claim were only discovered within a year of filing the Petition. A judgment becomes final when "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." United States v. La Fromboise, 427 F.3d 680, 683 (9th Cir. 2005)(citing Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708 (1987)). Applying subsection (1), Gonzalez's judgment of sentence became final on June 29, 2001, thirty days after judgment was entered, because he did not file a direct appeal.

In addition, the doctrine of equitable tolling applies to the one year time limitation in Section 2255. United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004). The court will equitably toll the limitations period if the Petitioner demonstrates that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." Id. (quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)). A litigant seeking equitable tolling bears the burden of establishing two elements, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). It is also necessary that the Petitioner demonstrate that he pursued his claim with the requisite diligence a reasonable time prior to the external impediments or extraordinary circumstances. See Roy v. Lampert, 465 F.3d 964, 972 (9th Cir. 2006).

Gonzalez was required to file his § 2255 petition on or before June 29, 2002 unless he can establish either that he filed within one year of the removal of a government-created impediment to his petition under § 2255(2) or that the limitations period should be equitably tolled.

The Court may not dismiss a habeas petition on statute of limitations grounds without giving the Petitioner notice and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). Thus, the Court invites Petitioner Gonzalez to provide the Court additional factual allegations necessary to determine whether Petitioner filed within a year of the removal of a government-created impediment or whether he is entitled to equitable tolling of the limitations period. After the Petitioner files his supplemental brief, the Court directs the Government to respond to Petitioner's allegations regarding whether he timely filed his § 2255 petition. The Court directs the parties to file by the dates set forth infra. Currently, Petitioner's allegations do not provide enough detail for the Court to ascertain the merits of his arguments.

**II. Petitioner's Transfers and Limited Access to a Law Library**

The Ninth Circuit has held that the absence of legal resources at petitioners' law library, namely, lacking the statute that creates the applicable limitations period or any information on federal law, together with petitioners' lack of

knowledge of any limitations period could constitute extraordinary circumstances warranting equitable tolling. See Roy, 465 F.3d at 974; Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000); but see Johnson v. Hill, 224 Fed. Appx. 641, 641 (9th Cir. 2007)(holding that petitioner's frequent transfers were not extraordinary circumstances warranting equitable tolling because petitioner had sufficient access to legal materials despite frequent transfers); United States v. Gustafson, 17 Fed. Appx. 602, 603 (9th Cir. 2001)(petitioner's lockdown and disciplinary segregation 23 ½ hours a day, limited access to the law library, limited ability to correspond, and counsel's alleged inaction were not extraordinary circumstances making it impossible for him to file a timely motion).

The court in Roy concluded that the petitioners had made sufficient allegations of their efforts to pursue their petitions diligently because they had complained to prison officials, filed a lawsuit challenging the acceptability of the law library, made specific allegations about the contents of the law libraries, and produced other evidence demonstrating that they were trying to research and work diligently to seek relief. See Roy, 465 F.3d at 971. Here, it is unclear why Petitioner alleges that his access to the law library was deficient. Moreover, it is not clear from the record whether Petitioner formally complained about the library facilities, requested legal

materials, or engaged in other efforts to diligently pursue his claim.

The Court directs the parties to develop the facts and legal arguments regarding Petitioner Gonzalez's allegation that his transfers and limited access to a law library created government-created impediment to making his § 2255 motion or constituted extraordinary circumstances warranting equitable tolling.

**III. Petitioner's Difficulty with the English Language**

Gonzalez also claims that his difficulty with the English language entitles him to equitable tolling. The Ninth Circuit has found that a lack of English-speaking abilities may entitle a petitioner to equitable tolling under particular circumstances. In Mendoza v. Carey, the Ninth Circuit held,

> [W]e conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source. We agree with Cobas that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief. See id.; see also United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004) (applying Cobas' reasoning and concluding that the petitioner's "excellent" English skills and ability to compose, without assistance, court filings in English, foreclosed any contention that lack of English proficiency justified equitable tolling).

Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) (citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)). Thus, the

Court directs Petitioner Gonzalez to make specific factual allegations underlying his equitable tolling claim to substantiate whether he sought assistance from personnel or other inmates, and whether despite these efforts, he was unable to procure the necessary help or materials. In addition, the Court invites Petitioner and Respondent to develop the factual record as to whether Gonzalez exercised the requisite diligence during the relevant time period, whether Petitioner's English proficiency was sufficient to render him able to file his petition in a timely manner, and about the existence of a translator who was available to assist Petitioner during post-conviction proceedings. See Mendoza, 449 F.3d at 1070, 1071 n.6.

**IV. Petitioner's Lack of Knowledge About the Law**

Petitioner Gonzalez argues that he lacked the legal competence or comprehension to file this particular motion, which he claimed required time, research, and preparation. The Ninth Circuit has joined several other circuits, holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Although it is unclear whether Petitioner is proceeding pro se or with counsel, the Court notes that a petitioner's pro se status, on its own, does not constitute an extraordinary circumstance warranting equitable tolling. See Johnson v. United States, 544

U.S. 295, 311, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005).

Thus, the Court concludes that Petitioner Gonzalez's lack of competence or familiarity with the law does not, by itself, warrant equitable tolling.

**V. Petitioner's Attorney's Failure to Advise Him About One-Year Statute of Limitations**

An attorney's failure to advise a petitioner about post-conviction limitations deadlines does not constitute extraordinary circumstances warranting equitable tolling. See Lawrence v. Florida, – U.S. —, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002)("because [petitioner] had no right to the assistance of his appointed appellate counsel regarding post-conviction relief, it follows that he did not have the right to that attorney's 'effective' assistance, either"); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of the limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case). Petitioner's allegation that his attorney failed to advise him about the availability of post-conviction relief under § 2255 or its applicable statute of limitations are not extraordinary

circumstances warranting equitable tolling.

Petitioner has made some allegations that, if supported by sufficient facts, may constitute a government-created impediment or extraordinary circumstances warranting equitable tolling. The Court directs Petitioner Gonzalez to file a supplemental brief containing any evidence and/or facts to support his allegations to determine: (1) whether the frequent transfers and lack of law library access constituted a government-created impediment; (2) whether Petitioner filed his § 2255 Motion within one year of the removal of the alleged impediment; (3) whether Petitioner's transfers, lack of access to a law library, or English language difficulty constitute extraordinary circumstances that made it impossible for him to file a timely motion; and (4) whether Petitioner diligently pursued his claims both before and after the alleged extraordinary circumstances arose. Petitioner's allegations that his lack of legal knowledge and that his attorney failed to advise him of his post-conviction remedies are insufficient bases to grant equitable tolling, so no additional briefing is warranted for these allegations. Petitioner's supplemental brief is due by October 1, 2007.

The Court also directs the Government to file a Response regarding Petitioner's arguments regarding the existence of a government-created impediment and equitable tolling of the

statute of limitations. The Court invites the Government to develop the facts pertaining to whether Petitioner timely filed and submit any relevant exhibits and/or declarations. The Government's response is due on November 1, 2007.

The Court invites Petitioner to file a Reply to the Government's Response, further developing any facts and/or arguments pertaining to the issue of the statute of limitations and equitable tolling in this case. Petitioner's Optional Reply is due on November 15, 2007.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2007.




Alan C. Kay
Sr. United States District Judge

Gonzalez v. United States of America, Civ. No. 07-00444 ACK-BMK; Cr. No. 98-00552 ACK 01: Order Directing Briefing on Issue of Whether Petitioner's 28 U.S.C. § 2255 Petition was Timely Filed.